Isidro **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–97–00261–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 31, 1998.

Laura Angelini, San Antonio, for Appellant.

Angela Moore, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before RICKHOFF, STONE and DUNCAN, JJ.

## OPINION

RICKHOFF, Justice.

Isidro Rodriguez was convicted of aggravated sexual assault; after a jury trial he was sentenced to 60 years in prison and fined $10,000. In two points of error Rodriguez contends the state's argument at punishment was so egregious that he was denied a fair trial, and that his appointed counsel was ineffective at the punishment phase of his trial. We affirm.

### JURY ARGUMENT

■ In his first point of error Rodriguez complains that the state's closing argument was so prejudicial as to deprive him of a fair trial. The argument complained of follows:

> But you are all smart people. You came to the right decision in the guilt innocence (sic) phase and I am sure that you will make a fair decision on the punishment phase. The most important thing is that you reach a verdict. If you are unable to reach a verdict, we will have to try this whole case over. Okay? And I don't think Gloria Jean Flores is going to be up to testifying another time about what happened to her. So, you need to reach a verdict.

■ Urging the jury to reach a verdict at any stage of trial in order to avoid a retrial is erroneous because it urges the jury to reach a verdict for reasons outside the court's charge. *Brown v. State,* 692 S.W.2d 497, 502 (Tex.Crim.App.1985). However, impermissible jury argument will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused, into the trial proceedings. *Id.; Cannon v. State,* 668 S.W.2d 401, 404 (Tex. Crim.App.1984).

■ The biggest obstacle to Rodriguez's success on this argument is that he failed to object in the trial court. The general rule is that any impropriety in the State's argument is waived by a defendant's failure to make a proper and timely objection. *Romo v. State,* 631 S.W.2d 504, 505 (Tex.Crim.App.1982). Rodriguez argues this erroneous argument was so prejudicial that the harm caused by the argument could not have been cured with an instruction; therefore no objection was necessary. *Id.* (citing *Plunkett v. State,* 580 S.W.2d 815 (Tex.Crim.App.1978)). However, because Rodriguez failed to object, he has forfeited his right to complain about this issue. *See Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App.1996), *cert. denied,* 520 U.S. 1173, 117 S.Ct. 1442, 137 L.Ed.2d 548 (1997) (explicitly overruling *Romo* ). Rodriguez's first point of error is overruled.

### INEFFECTIVE ASSISTANCE

 In his second point of error Rodriguez argues his trial counsel did not render effective assistance during the punishment phase of trial by failing to request that the state give notice of its intent to offer evidence of extraneous offenses.

 The standard for effective assistance of counsel at the punishment phase of a non-capital case is whether counsel was reasonably likely to render effective assistance and whether counsel reasonably rendered effective assistance—i.e., whether the defendant received reasonably effective assistance of counsel. *See Vaughn v. State,* 931 S.W.2d 564, 566 (Tex.Crim.App.1996); *Ex Parte Cruz,* 739 S.W.2d 53, 58 (Tex.Crim.App.1987). The standard in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is not applicable in the punishment phase of non-capital cases in Texas, where the sentencer has standardless discretion. *See Cruz,* 739 S.W.2d at 57–58. To overcome the presumption that counsel is effective, the appellant bears the burden of demonstrating ineffective assistance of counsel. *Cannon,* 668 S.W.2d at 403; *Lanum v. State,* 952 S.W.2d 36, 40 (Tex.App.—San Antonio 1997, no pet.). A defendant is entitled to reasonably effective counsel, not perfect counsel judged by hindsight; therefore, more than isolated errors and omissions will be needed to demonstrate ineffective assistance of counsel. *See Lanum,* 952 S.W.2d at 40.

 While the effectiveness of counsel is ordinarily gauged by the totality of the representation, a single error, if sufficiently egregious, can constitute ineffective assistance. *Ex parte Felton,* 815 S.W.2d 733 (Tex.Crim.App.1991); *May v. State,* 722 S.W.2d 699 (Tex.Crim.App.1984) (single error of failure to have defendant's petition for probation sworn to sufficient to constitute ineffective assistance); *see also Mitchell v. State,* 974 S.W.2d 161, 165 (Tex.App.—San Antonio 1998, pet. requested).

Here Rodriguez complains on appeal that his counsel's failure to request that the state give notice under TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp.1997) was a sufficiently egregious act to render her assistance ineffective. We disagree. Were we to so hold, failure to request notice would effectively block any attempt by the state to introduce evidence of this type, because in the case of an unfavorable result a defendant would be able to claim ineffective assistance as a matter of right. Whatever the intent of the statute, it was not to give the defense attorney a veto over the prosecution's use of extraneous offense testimony. *See Washington v. State,* 943 S.W.2d 501, 506–507 (Tex. App.—Fort Worth 1997, pet. ref'd)(citing legislative history). Therefore, failure to request notice of intent to introduce punishment evidence under Art. 37.07, § 3 is not one of those acts we will consider so egregious that it, by itself, will constitute ineffective assistance of counsel. Rodriguez's second point of error is overruled.

The judgment of the trial court is AFFIRMED.