11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Mustafa Yasir Awad

Appellant

Vs.                   No.
11-01-00042-CR B Appeal from Dallas County

State of Texas

Appellee

 

Appellant
pleaded guilty to attempted aggravated sexual assault, and the jury assessed
appellant=s punishment at confinement for 20
years.  Appellant appeals.  We affirm.

The record
reveals that the complainant and her coworker, real estate agents, went to
appellant=s home to give appellant information about
listing his house for sale.  While the
two women were discussing the listing agreement with him, appellant started to
touch and kiss the victim.  Appellant
threw the victim to the floor and started pulling her clothes off.  Both women were screaming and fighting
appellant.  Appellant was biting the
victim, and he was groaning and moaning as he attempted to rape the
victim.  As the victim=s coworker was throwing things at appellant
and yelling at him, appellant acted as if he did not even know the coworker was
there.

In a
single issue on appeal, appellant contends that he had ineffective assistance
of counsel during the punishment phase in violation of the Sixth Amendment to
the U.S. Constitution and Article I, section 10 of the Texas Constitution.  Appellant argues that his trial counsel
failed to properly obtain a continuance; failed to properly request notice of
extraneous offenses, prior misconduct, and bad acts; and failed to remove a
juror who could not consider probation in the case.








The
standard for evaluating the effectiveness of trial counsel at both the
guilt-innocence phase and the punishment phase of a trial was stated in
Strickland v. Washington, 466 U.S. 668 (1984), and adopted by the Texas Court
of Criminal Appeals in Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Cr.App.1986),
and Hernandez v. State, 988 S.W.2d 770, 772 (Tex.Cr.App.1999).  Appellant must show by a preponderance of
the evidence that his counsel=s representation fell below the standard of prevailing professional
norms and that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would
have been different.  See McFarland v.
State, 845 S.W.2d 824, 842 (Tex.Cr.App.1992), cert. den=d, 508 U.S. 936 (1993).  The
review of trial counsel=s representation is highly deferential.  This court indulges a strong presumption that trial counsel=s conduct falls within a wide range of
reasonable representation.  See
Strickland v. Washington, supra at 689. 
The court in Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App.1999),
stated:

Appellant Amust identify the acts or omissions of counsel that are alleged@ to constitute ineffective assistance and
affirmatively prove that they fall below the professional norm for
reasonableness.  See [Strickland v.
Washington] at 690, 104 S.Ct. 2052.  After proving error, appellant must affirmatively prove
prejudice.  See id. at 693, 104 S.Ct.
2052.  It is not enough for appellant to
show that the errors of trial counsel had some conceivable effect on the
outcome of the proceedings.  See
id.  He must show there is a reasonable
probability that, but for counsel=s errors, the fact-finder would have had a reasonable doubt respecting
guilt and/or the sentence of death.  See
id. at 695, 104 S.Ct. 2052.  Allegations
of ineffectiveness must be founded in the record, and the record must
demonstrate the alleged ineffectiveness. 
Failure to make the required showing of either deficient performance or
sufficient prejudice defeats the ineffectiveness claim.  See id. at 700, 104 S.Ct. 2052; McFarland v.
State, 928 S.W.2d 482 (Tex.Crim.App.1996), cert. denied, 519 U.S. 1119, 117
S.Ct. 966, 136 L.Ed.2d 851 (1997).

 

We agree
with appellant that trial counsel=s oral and unsworn written motions for continuance preserved nothing
for review.  See Dewberry v. State,
supra at 755.  Appellant essentially
urged in his written motion that he needed additional time to prepare a
psychiatric defense.  The record reveals
that the trial court denied the written motion for continuance because
appellant=s trial counsel had been representing
appellant for approximately six months. 
The court in Johnston v. State, 959 S.W.2d 230, 236 (Tex.App. - Dallas
1997, no pet=n), said:

An appellant may base an ineffective
assistance claim on an attorney=s failure to present witnesses only if the appellant can show that the
witnesses were available and their testimony would have benefitted the
defendant.

 

In Curry
v. State, 861 S.W.2d 479, 484 (Tex.App. - Fort Worth 1993, pet=n ref=d), the court held:

A
defendant may base an ineffective assistance claim on an attorney=s failure to present witnesses only if he can
show their testimony would have benefitted him.  See Ross v. State, 802 S.W.2d 308, 313 (Tex.App. - Dallas 1990,
no pet.).  At the motion for new trial
hearing, Curry demonstrated certain witnesses were available to testify, but he
did not proffer the substance of their testimony or demonstrate it would have
benefitted him.








The record
in this case fails to show that an expert witness was available and that the
testimony of the witness would have benefitted appellant.

Trial
counsel urged in the oral motion for continuance that the State, on the day of
trial, for the first time listed the extraneous offenses and bad acts that the
State intended to present during the punishment phase.  Appellant argued that trial counsel needed
more time to prepare a defense to these new offenses.  Counsel=s
request for a continuance was denied by the trial court.

Appellant
also contends that trial counsel was ineffective because counsel failed to
properly file a request for notice under TEX. CODE CRIM. PRO. ANN. art. 37.07, ' (3)(g) (Vernon Supp. 2002).  Appellant maintains that, if trial counsel
had properly filed his notice and had obtained rulings from the trial court,
appellant could now urge on appeal that the trial court abused its discretion
in overruling appellant=s objections to the extraneous matter. 
The State introduced evidence that appellant had previously fondled and
molested other women. 

The court
in Rodriguez v. State, 981 S.W.2d 357, 359 (Tex.App. - San Antonio 1998, no pet=n), held that counsel=s failure to request that the State give
notice under Article 37.07, section 3(g) was insufficient to render assistance
ineffective.  The court stated:

Were we to so hold,
failure to request notice would effectively block any attempt by the state to
introduce evidence of this type, because in the case of an unfavorable result a
defendant would be able to claim ineffective assistance as a matter of
right.  Whatever the intent of the
statute, it was not to give the defense attorney a veto over the prosecution=s use of extraneous offense testimony.  See Washington v. State, 943 S.W.2d 501,
506-507 (Tex.App. - Fort Worth 1997, pet. ref=d)(citing legislative history). 
Therefore, failure to request notice of intent to introduce punishment
evidence under Art. 37.07, ' 3 is not one of those acts we will consider so egregious that it, by
itself, will constitute ineffective assistance of counsel.

 








We note
that appellant=s trial counsel argued from these extraneous
offenses and bad acts that appellant was sick and, thus, should receive
probation.  Appellant presented evidence
from his wife and friends that appellant was sick, had psychiatric problems,
and had been hospitalized.  There is
nothing in the record showing that appellant did not commit the extraneous
offenses.  The court in Thompson v.
State, 9 S.W.3d 808, 813 (Tex.Cr.App.1999), citing McFarland v. State, 928
S.W.2d 482, 500 (Tex.Cr.App.1996), cert. den=d, 519 U.S. 1119 (1997), recently stated that any allegation of
ineffectiveness must be firmly founded in the record and that the record must
affirmatively demonstrate the alleged ineffectiveness.  The court said:

A substantial risk of failure accompanies an
appellant=s claim of ineffective assistance of counsel
on direct appeal.  Rarely will a
reviewing court be provided the opportunity to make its determination on direct
appeal with a record capable of providing a fair evaluation of the merits of
the claim involving such a serious allegation. 
In the majority of instances, the record on direct appeal is simply
undeveloped and cannot adequately reflect the failings of trial counsel.  Jackson v. State, 973 S.W.2d 954, 957
(Tex.Crim.App.1998).  (Footnote omitted)

 

The court added:

AIndeed in a case such as this, where the
alleged derelictions primarily are errors of omission de hors the record rather
than commission revealed in the trial record, collateral attack may be the
vehicle by which a thorough and detailed examination of alleged ineffectiveness
may be developed and spread upon a record.@  Jackson v. State, 973 S.W.2d
at 957.

 

In Footnote No. 6 on Page
814, the court pointed out:

6.  This opinion should not be read as a
declaration that no claim of ineffective assistance of counsel can be brought
on direct appeal.  However, in the vast
majority of cases, the undeveloped record on direct appeal will be insufficient
for an appellant to satisfy the dual prongs of Strickland.

 

Appellant
maintains that, during voir dire, Juror Schawlin stated that he could not
consider probation.  Nevertheless,
appellant argues that, without objection or challenge for cause, Juror Schawlin
served on the jury.  The record fails to
support appellant=s
argument.  The record indicates that the
prospective jurors who stated that they could not consider probation were
Prospective Jurors Papa and Dempsey, not Juror Schawlin.  

Even if we
assume, without deciding, that appellant=s trial counsel=s performance was deficient, the record fails to show that, but for
counsel=s deficient performance, the result of the
proceeding would have been different. 
Appellant=s sole issue is overruled.  

The
judgment of the trial court is affirmed.

 

February 7, 2002                                                                     AUSTIN
McCLOUD

Do not publish.  See TEX.R.APP.P. 47.3(b).                SENIOR
JUSTICE

Panel consists of: Wright, J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.