Affirmed and Memorandum Opinion filed December 8, 2005












Affirmed
and Memorandum Opinion filed December 8, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00671-CR

____________

 

RONDALE VONKEITH
MONTGOMERY,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 951,011

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Rondale Vonkeith Montgomery,
was charged with the first degree felony of engaging in organized criminal
activity.  After the State offered to
reduce the charge to a second degree felony, appellant entered a plea of guilty
to the reduced charge of engaging in organized criminal activity.  Appellant also pled true to an enhancement
allegation.  Because there was no
agreement between the parties regarding punishment, the trial court deferred
sentencing for a pre-sentencing investigation (APSI@) hearing.  At the conclusion of the PSI hearing, the
trial court found the enhancement paragraph true and sentenced appellant to 40
years in the Texas Department of Corrections, Institutional Division.  








On appeal, appellant brings two points of
error claiming ineffective assistance of counsel.  Both the United States and Texas
Constitutions guarantee an accused the right to assistance of counsel.  See U.S. Const. amend. VI; Tex.
Co[KTF1] nst.
art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.05
(Vernon 1977).  The right necessarily
includes the right to reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686 (1984).  The United States
Supreme Court has established a two‑prong test to determine whether
counsel is ineffective.  Id.  Appellant must first demonstrate his counsel=s performance was
deficient and not reasonably effective.  Id.
at 688B92.  Thereafter, appellant must demonstrate the
deficient performance prejudiced his defense. 
Id. at 693.  Essentially,
appellant must show that his counsel=s representation
fell below an objective standard of reasonableness, based on prevailing
professional norms, and there is a reasonable probability that, but for his
counsel=s unprofessional
errors, the result of the proceeding would have been different.  Id.; Valencia v. State, 946
S.W.2d 81, 83 (Tex. Crim. App. 1997).

Judicial scrutiny of counsel=s performance must
be highly deferential and we are to indulge the strong presumption that counsel
was effective.  Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We assume counsel=s actions and decisions were reasonably
professional and that they were motivated by sound trial strategy.  Id. 
Moreover, it is appellant=s burden to rebut
this presumption, by a preponderance of the evidence, via evidence illustrating
why trial counsel did what he did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), overruled on other
grounds by Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim. App.
1998).  Where the record contains no
evidence of the reasoning behind trial counsel=s actions, we
cannot conclude counsel=s performance was deficient.  Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999); Jackson, 877 S.W.2d at 771.  An appellate court is not required to
speculate on the reasons behind trial counsel=s actions when
confronted with a silent record.  Jackson,
877 S.W.2d at 771.  








If appellant proves his counsel=s representation
fell below an objective standard of reasonableness, he must still affirmatively
prove prejudice as a result of those acts or omissions.  Strickland, 466 U.S. at 693; McFarland,
928 S.W.2d at 500.  Counsel=s errors, even if
professionally unreasonable, do not warrant setting the conviction aside if the
errors had no effect on the judgment.  Strickland,
466 U.S. at 691.  Appellant must prove
that counsel=s errors, judged by the totality of the
representation, denied him a fair trial. 
See McFarland, 928 S.W.2d at 500. 
If appellant fails to make the required showing of either deficient
performance or prejudice, his claim fails. 
See id.  

In his first issue, appellant claims his
plea was involuntary due to ineffective assistance of counsel.  The two-prong Strickland test applies
to challenges to guilty pleas based on ineffective assistance of counsel.  Hill v. Lockhart, 474 U.S. 52, 58
(1985).  Thus, when a defendant enters a
guilty plea on the advice of counsel and later challenges the voluntariness of
his plea on basis of ineffective assistance of counsel, he must show (1)
counsel=s advice was not
within the range of competence demanded of attorneys in criminal cases, and (2)
there is a reasonable probability that, but for counsel=s errors, he would
not have pleaded guilty and would have insisted on going to trial.  Id. at 58B59.  

Appellant raised this issue in a motion
for new trial to which he attached a four-page affidavit alleging that his
trial counsel had neither investigated the facts of his case nor reviewed the
District Attorney=s file. 
Appellant further claimed he told his trial counsel that he did not want
to plead guilty, but his trial counsel told him it was best for him to plead
guilty and allow the judge sentence him because if he went to trial and were convicted,
he could be sentenced to forty-five years in prison, whereas, if he pleaded
guilty, the judge would sentence him to only six or seven years in prison.  The trial court denied the motion for new
trial without a hearing.  








A motion for new trial is not
self-proving.  Lamb v. State, 680
S.W.2d 11, 13 (Tex. Crim. App. 1984). 
During the hearing on the motion for new trial, the trial court may
receive evidence by affidavits.  Tex. R. App. P. 21.7.  An
affidavit attached a motion for new trial, however, is merely a pleading
authorizing the introduction of supporting evidence; it is not evidence.  Stephenson v. State, 494 S.W.2d 900,
909 (Tex. Crim. App. 1973).  For an
affidavit to be evidence, it must be introduced into evidence at a hearing on
the motion for new trial.  Id. at
909B10.  Here, because there was no hearing on
appellant=s motion for new trial, appellant=s affidavit was
not introduced into evidence and, therefore, is not evidence. 

Moreover, there is nothing in the record
regarding trial counsel=s representation of appellant.  An appellate court is not required to
speculate on the reasons behind trial counsel=s actions when
confronted with a silent record.  Jackson,
877 S.W.2d at 771; see also Thomspon, 9 S.W.3d at 14 (holding that when
record provides no explanation as to motivation behind trial counsel=s actions,
appellate court should be hesitant to declare ineffective assistance of
counsel).  Because appellant has not
provided this court with any evidence to affirmatively demonstrate the
ineffectiveness of his trial counsel, he has not satisfied his burden on appeal
to rebut the presumption that counsel=s actions were
reasonably professional and motivated by sound trial strategy.  Appellant=s first point of
error is overruled.  

In his second point of error, appellant
asserts he received ineffective assistance of counsel at the punishment hearing
because defense counsel did not file a request for notice of the State=s intent to offer
evidence of extraneous offenses and bad acts. 
After the State offered evidence of multiple extraneous offenses and bad
acts at the punishment hearing, it urged the trial court to assess punishment
at 40 years= incarceration.  Article 37.07 of the Texas Code of Criminal
Procedure provides that on a defendant=s timely request,
the State must provide notice of intent to offer evidence of extraneous
offenses and bad acts in the same manner as required by Rule 404(b) of the
Texas Rules of Evidence.  Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(g) (Vernon
Supp. 2005).  








Trial counsel=s failure to file
a request for notice of the State=s intent to offer
extraneous offenses and bad acts is not per se ineffective assistance of
counsel.  Rodriguez v. State, 981
S.W.2d 357, 359 (Tex. App.CSan Antonio 1998,
no pet.); see also Autry v. State, 27 S.W.3d 177, 182 (Tex. App.CSan Antonio 2000,
pet. ref=d) (explaining
that trial counsel=s failure to file pretrial motions
generally does not result in ineffective assistance of counsel); Wills v.
State, 867 S.W.2d 852, 856 (Tex. App.CHouston [14th
Dist.] 1993, pet. ref=d) (same). 
As explained by the San Antonio Court of Appeals:

Were we to so hold, failure to request notice would
effectively block any attempt by the state to introduce evidence of this type,
because in the case of an unfavorable result a defendant would be able to claim
ineffective assistance as a matter of right. 
Whatever the intent of the statute, it was not to give the defense
attorney a veto over the prosecution=s use of
extraneous offense testimony.

Rodriguez, 981 S.W.2d at 359.  

Moreover, appellant has not explained (1)
whether the extraneous offenses and bad acts were admissible, (2) what he or
his trial counsel would have done with such notice, or (3) how the result would
have been different, i.e., the imposition of a lesser sentence.  Appellant=s second point of
error is overruled.

Accordingly, the judgment of the trial
court is affirmed.  

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed December 8, 2005.

Panel
consists of Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).













 [KTF1]Those blue
links are impressive!