Charles AUTRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–99–00660–CR.

Court of Appeals of Texas,
San Antonio.

July 26, 2000.

Richard E. Langlois, Law Offices of Richard E. Langlois, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

Charles Autry ("Autry") appeals his sentence, arguing that his trial counsel was ineffective.

The State charged Autry with two counts of aggravated robbery. The State alleged that Autry, wielding a gun, robbed a Circle K. The jury agreed, finding him guilty of both counts. During the punishment phase, the State introduced evidence of extraneous offenses. The jury sentenced him to eighty years of confinement on each count.

We affirm the trial court's judgment.

## Discussion

### 1. Standard of Review

The constitutional right to counsel means the right to effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A strong presumption exists that effective assistance was rendered and that reasonable professional judgment was exercised in making significant decisions. See Strickland, 466 U.S. at 690, 104 S.Ct. 2052. Autry bears the burden to prove ineffective assistance of counsel by a preponderance of the evidence. See Moore v. State, 694 S.W.2d 528, 531 (Tex.Crim.App.1985); Ybarra v. State, 890 S.W.2d 98, 112 (Tex.App.-San Antonio 1994, pet. ref'd).

To obtain a reversal based on the ineffective assistance of counsel, Autry must show:

- counsel made such serious errors that he was not functioning effectively; and

- counsel's deficient performance so prejudiced him that, but for counsel's errors, the trial outcome would have been different.

See Strickland, 466 U.S. at 687, 104 S.Ct. 2052; Holland v. State, 761 S.W.2d 307, 314 (Tex.Crim.App.1988). Prejudice is demonstrated when the convicted defendant shows "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. A reasonable probability is a probability sufficient to undermine confidence in the outcome. See Garza v. State, 2 S.W.3d 331, 337 (Tex.App.-San

Antonio 1999, pet. ref'd). Autry must overcome, however, the presumption that his trial counsel's conduct might be considered to be sound trial strategy. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim.App.1994).

■ The *Strickland* standard applies to both phases of trial. *See Hernandez v. State,* 988 S.W.2d 770, 770 & n. 3 (Tex. Crim.App.1999).

## 2. Application

### a. Geesa[1] *Instruction During the Punishment Phase*

In his first instance of alleged ineffectiveness, Autry complains that counsel was deficient for failing to request a *Geesa* instruction at punishment phase. The Texas Code of Criminal Procedure permits the State to offer evidence "as to any matter the court deems relevant to sentencing, including ... any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant...." Tex.Code Crim. Proc. Ann. art. 37.07 § 3(a) (Vernon Supp.2000). The State offered evidence of a murder and aggravated robbery, both of which were extraneous to the two aggravated robberies that were the subject of Autry's conviction. The jury charge in the present case, and the language that Autry now complains was missing, are as follows:

| Autry's Jury Charge at Punishment Phase | "Geesa" Instruction |
|---|---|
| In this case evidence has been admitted to the effect that the defendant may have committed acts of misconduct other than those for which you have convicted him. The court instructs you that you may consider this evidence in determining what sentence is appropriate in the case at hand but you may only consider the evidence if you first believe beyond a reasonable doubt that the defendant committed such other acts of misconduct. Further, the evidence may only be used by you, to aid you, if it does, in setting the punishment for the offense for which you have convicted him. | All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case. |
| | The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant. |
| | It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt. |
| A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his affairs. | A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs. |
| Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. | Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. |
| | In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not guilty". |

1. *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim. App.1991).

■ This reasonable doubt standard required by the Code of Criminal Procedure for extraneous offenses offered at punishment phase is neither a constitutional requirement nor based on a constitutional mandate. *See Fields v. State*, 1 S.W.3d 687, 688 (Tex.Crim.App.1999). In addition, no requirement exists that the jury be instructed that the State must prove every element of an extraneous offense beyond a reasonable doubt. *See Taylor v. State*, 970 S.W.2d 98, 101 (Tex.App.-Fort Worth 1998, pet. ref'd). The reasonable doubt instruction set out in *Geesa* applies specifically to the guilt-innocence phase of a trial, but is available at the punishment hearing upon request. *See Fields*, 1 S.W.3d at 688. The *Geesa* instruction serves "to implement the constitutional requirement that a *criminal conviction* cannot stand 'except upon proof beyond a reasonable doubt.'" *Geesa v. State*, 820 S.W.2d 154, 163 (Tex.Crim.App.1991) (emphasis added). As a result, there is no entitlement, "absent a request," for a *Geesa*-type instruction at punishment phase.

■ Although *not* requesting the *Geesa* instruction is questionable trial strategy, we do not believe that counsel's failure to request the *Geesa* instruction *in toto* (but modified for the punishment phase) would have made a difference in the trial outcome. As was the case with the *Fields* jury, the Autry jury was instructed on the definition of reasonable doubt at the guilt-innocence phase of the trial. The only note sent out by the jury during deliberations in the present case concerned the jury's difficulty in reaching a unanimous decision.

We conclude that Autry fails the second prong of the *Strickland* test. He has not shown that the lack of a *Geesa* instruction prejudiced him.

### b. Instruction Regarding the Elements of Extraneous Offenses

■ In his second instance of alleged ineffectiveness, Autry claims that counsel was deficient for failing to request an instruction during punishment phase that explained the elements of murder and aggravated robbery. Autry claims that "[f]or a[n extraneous] crime to be shown beyond a reasonable doubt, the elements of the offense must each be proven." Yet, unlike the guilt-innocence phase, the State bears no burden to prove any particular elements of extraneous offenses during the punishment phase. *See Arnold v. State*, 7 S.W.3d 832, 834 (Tex.App.-Eastland 1999, pet. ref'd).

■ The State was not required to prove the elements of the extraneous offenses. As a result, we conclude that Autry cannot pass the first prong of the *Strickland* test. Trial counsel cannot be regarded as having erred by failing to request an instruction to which Autry was not entitled.

### c. Instruction Regarding Accomplice Witness Testimony

In his third instance of alleged deficiency, Autry claims that counsel was ineffective for failing to request an instruction regarding accomplice witnesses.

■ As part of the evidence of Autry's extraneous murder offense, the State introduced witness testimony of the alleged accomplice. Texas Code of Criminal Procedure Article 38.14 requires corroboration of accomplice witness testimony. *See* Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). This requirement does not extend to punishment phase. *See Stevenson v. State*, 997 S.W.2d 766, 770 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd).

■ No instruction is required at punishment phase regarding the accomplice witness's testimony of Autry's extraneous offenses. As such, we conclude that Autry cannot pass the first prong of the *Strickland* test. Trial counsel cannot be regarded as having erred by failing to request an

instruction to which Autry was not entitled.

#### d. *Timely Notice Under Article 37.07*

■ In his fourth complaint of ineffective assistance, Autry claims that trial counsel was deficient for failing to request notice from the State that the State intended to introduce evidence of extraneous offenses during punishment phase. Autry would have been entitled to this notice under Texas Code of Criminal Procedure Article 37.07 § 3(g) and Texas Rule of Evidence 404(b). The State need only have provided such notice, however, if Autry filed a timely request for such disclosure. *See* Tex.Code Crim. Proc. Ann. art. 37.07 § 3(g) (Vernon Supp.2000).

■ Trial counsel's failure to file pretrial motions generally does not result in ineffective assistance of counsel. *See Wills v. State*, 867 S.W.2d 852, 856 (Tex. App.-Houston [14th Dist.] 1993, pet. ref'd); *Martinez v. State*, 824 S.W.2d 688, 690 (Tex.App.-El Paso 1992, pet. ref'd).

■ In the present case, counsel may have received oral notice of the State's intent to introduce the evidence at punishment phase. *Cf. Wills*, 867 S.W.2d at 856 (speculating as to counsel's reason for not filing a pre-trial motion). In addition, Autry has not stated what steps he would have taken if he had received written notice of the State's intent to introduce extraneous evidence. *See Ryan v. State*, 937 S.W.2d 93, 104 (Tex.App.-Beaumont 1996, pet. ref'd) (stating, in part, that "appellant fails to identify ... how these motions would have been beneficial or how results would have been different" and concluding that trial counsel was not ineffective for failing to request disclosure of the State's intent to introduce extraneous offenses).

■ Although purposefully deciding *not* to request disclosure by the State of its intent to introduce evidence of extraneous offenses may amount to questionable trial strategy, Autry has not passed the second prong of the *Strickland* test. He has not demonstrated that a different outcome would have been possible if trial counsel had been in possession of written disclosure from the State of its plan to introduce extraneous offenses during punishment phase.

### Conclusion

We affirm the trial court's judgment.