In re Heath Gibson
















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-328-CV

IN RE J. HEATH GIBSON

 

 Original Proceeding
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â The petition for writ of mandamus is denied.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Gray, 
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Judge Strother


 (Sitting by Assignment)
Petition denied
Opinion delivered and filed December 10, 2003
[CV06]



p>

Â 

The State of Texas,

 Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

Â 

Â 



From the 77th District Court

Limestone County, Texas

Trial Court # 9814-A

Â 



O p i n i o n



Â 








Â Â Â Â Â  Hinson
appeals his sentence for burglary of a habitation.Â  See Tex. Penal Code Ann. Â§Â 30.02(a)(1)
(Vernon 2003).Â  We will affirm.Â  

Â Â Â Â Â  In
his sole issue, Hinson argues that his trial counsel did not request notice of
the StateÂs intent to offer extraneous-offense evidence in the punishment phase
of trial, and thus failed to render the effective assistance of counsel.Â  Tex.
Code Crim. Proc. Ann. art. 37.07, Â§Â 3(g) (Vernon Supp. 2004-2005).Â  

Â Â Â Â Â  ÂAllegations
of ineffectiveness must be firmly founded in the record as counsel is presumed
to have rendered adequate assistance and made all significant decision[s] in
the exercise of reasonable professional judgment.ÂÂ  Howard
v. State, 153 S.W.3d 382, Â­Â­Â­388 (Tex. Crim. App. 2004) (per curiam); accord Strickland v. Washington, 466 U.S. 668, 689 (1984); Rodriguez v. State, 899 S.W.2d 658, 664 (Tex. Crim. App.
1995).Â  Â[T]he two components to any
ineffective-assistance claim [are]: (1) deficient performance and (2)
prejudice.ÂÂ  Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); accord Strickland at 691-94; Rylander
v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).Â  The appellant must establish both components
by the preponderance of the evidence.Â  Bell v. Cone, 535 U.S. 685, 694 (2002); Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000) (op. on
orig. submission) (per curiam); McFarland
v. State, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992).Â  

Â Â Â Â Â  Â[T]here
is no reason for a court deciding an ineffective assistance claim
.Â .Â . to address both components of the inquiry if the defendant
makes an insufficient showing on one.ÂÂ Â Â 
Strickland, 466 U.S. at 697; accord
Mallett v. State, 65 S.W.3d 59, 68 (Tex. Crim. App. 2001).Â  ÂIn particular, a court need not determine
whether counselÂs performance was deficient before examining the prejudice
suffered by the defendant as a result of the alleged deficiencies.ÂÂ  Strickland
at 697; accord Boyd v. State, 811
S.W.2d 105, 109 (Tex. Crim. App. 1991); see
Mallett at 68.

Â Â Â Â Â  We
decide only the prejudice component of the Strickland
analysis.Â  The record does not show that
Hinson suffered prejudice from the deficient performance that he alleges.Â  The record does not clearly show that Hinson insondid not receive notice of intent
to offer the evidence of which he complains.Â 
Â[C]ounsel may have received oral notice of the StateÂs intent to
introduce the evidence at punishment phase.ÂÂ 
Autry v. State, 27 S.W.3d 177,
182 (Tex. App.ÂSan Antonio 2000, pet. refÂd).Â 
On appeal, Hinson argues only that Âthe record shows no request for
written notice,Â and Ânothing in the record shows any agreement that the State
and trial counsel had reached .Â .Â . for the disclosure of the
questioned material.ÂÂ  However, Hinson
filed a motion in limine intended to prohibit the State from offering the
evidence of convictions and unadjudicated offenses.Â  Indeed, when the State offered the evidence
of which Hinson complains, very far from showing surprise, he agreed and
stipulated to the evidence.Â  

Â Â Â Â Â  Moreover,
Hinson Âhas not stated what steps he would have taken if he had received
written notice of the StateÂs intent to introduce extraneous evidence.ÂÂ  See
Autrey, 27 S.W.3d at 182.Â  Hinson
argues only, ÂIt can be assumed from this record that had [Hinson]Âs [trial]
counsel properly requested notice from the State, counsel would have known of
the StateÂs intent to useÂ one of the StateÂs exhibits.Â  To the contrary, trial counselÂs theory of
the case was admission and mitigation of the extraneous offenses: HinsonÂs
punishment witnesses explained those offenses as the result of Âhanging out
with the wrong crowd of peopleÂ and HinsonÂs use of crack cocaine.

Â Â Â Â Â  We
overrule HinsonÂs issue and affirm the judgment.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â  Justice
Reyna

Â Â Â Â Â  (Justice
Vance concurring with note)*

Affirmed

Opinion delivered and filed May 11,
 2005

Publish

[CR25]

Â Â  * Â(Justice Vance concurs, noting that we have
held failure to request the notice to which a defendant is entitled under
article 37.07, section 3g, cannot be excused as Âsound trial strategy.ÂÂ  Loredo
v. State, No. 10-01-00078-CR,
slip op. at 4 (Tex. App.ÂWaco December 8, 2004) (not designated for
publication) (following Jaubert v. State,
65 S.W.3d 73, 81-82 (Tex. App.ÂWaco 2000), revÂd
on other grounds, 74 S.W.3d 1 (Tex. Crim. App. 2002)); see also Andrews v. State, 2005 Tex. Crim. App LEXIS 500 (Tex.
Crim. App. March 23, 2005) (no reasonable trial strategy in failing to correct
a prosecutorÂs misstatement of law that is detrimental to the client).)ÂÂ

Â Â  Â It should be noted that both Appellant and the
State have filed petitions for discretionary review in Loredo.Â  See Loredo v. State, 157
S.W.3d 26 (Tex. App.ÂWaco 2004, pets. filed).Â 
T.G.