**Richard Duane HINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–00336–CR.**

Court of Appeals of Texas, Waco.

May 11, 2005.

Rehearing Overruled July 5, 2005.

Stan Schwieger, Waco, for appellant.

Roy Defriend, County & Dist. Atty. for Limestone County, Groesbeck, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

Hinson appeals his sentence for burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003). We will affirm.

In his sole issue, Hinson argues that his trial counsel did not request notice of the State's intent to offer extraneous-offense evidence in the punishment phase of trial, and thus failed to render the effective assistance of counsel. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp.2004–2005).

"Allegations of ineffectiveness must be firmly founded in the record as counsel is presumed to have rendered adequate assistance and made all significant decision[s] in the exercise of reasonable professional judgment." *Howard v. State*, 153 S.W.3d 382, 388 (Tex.Crim.App.2004) (per curiam); *accord Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Rodriguez v. State*, 899 S.W.2d 658, 664 (Tex.Crim.App.1995). "[T]he two components to any ineffective-assistance claim [are]: (1) deficient performance and (2) prejudice." *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *accord Strickland* at 691–94, 104 S.Ct. 2052; *Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). The appellant must establish both components by the preponderance of the evidence. *Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Kimmelman v. Morrison*, 477 U.S. 365,

381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim.App.2000) (op. on orig. submission) (per curiam); *McFarland v. State*, 845 S.W.2d 824, 842 (Tex.Crim.App.1992).

"[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052; *accord Mallett v. State*, 65 S.W.3d 59, 68 (Tex.Crim.App.2001). "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland* at 697, 104 S.Ct. 2052; *accord Boyd v. State*, 811 S.W.2d 105, 109 (Tex.Crim.App.1991); *see Mallett* at 68.

We decide only the prejudice component of the *Strickland* analysis. The record does not show that Hinson suffered prejudice from the deficient performance that he alleges. The record does not clearly show that Hinson did not receive notice of intent to offer the evidence of which he complains. "[C]ounsel may have received oral notice of the State's intent to introduce the evidence at punishment phase." *Autry v. State*, 27 S.W.3d 177, 182 (Tex. App.-San Antonio 2000, pet. ref'd). On appeal, Hinson argues only that "the record shows no request for written notice," and "nothing in the record shows any agreement that the State and trial counsel had reached ... for the disclosure of the questioned material." However, Hinson filed a motion in limine intended to prohibit the State from offering the evidence of convictions and unadjudicated offenses. Indeed, when the State offered the evidence of which Hinson complains, very far from showing surprise, he agreed and stipulated to the evidence.

Moreover, Hinson "has not stated what steps he would have taken if he had received written notice of the State's intent to introduce extraneous evidence." *See Autry,* 27 S.W.3d at 182. Hinson argues only, "It can be assumed from this record that had [Hinson]'s [trial] counsel properly requested notice from the State, counsel would have known of the State's intent to use" one of the State's exhibits. To the contrary, trial counsel's theory of the case was admission and mitigation of the extraneous offenses: Hinson's punishment witnesses explained those offenses as the result of "hanging out with the wrong crowd of people" and Hinson's use of crack cocaine.

We overrule Hinson's issue and affirm the judgment.

Justice VANCE concurring with note.*

---

* "(Justice Vance concurs, noting that we have held failure to request the notice to which a defendant is entitled under article 37.07, section 3g, cannot be excused as "sound trial strategy." *Loredo v. State,* 157 S.W.3d 26, 29–30 (Tex.App.-Waco 2004) (following *Jaubert v. State,* 65 S.W.3d 73, 81–82 (Tex.App.-Waco 2000), *rev'd on other grounds,* 74 S.W.3d 1 (Tex.Crim.App.2002)); *see also An-*

*drews v. State,* 159 S.W.3d 98 (Tex.Crim.App. 2005) (no reasonable trial strategy in failing to correct a prosecutor's misstatement of law that is detrimental to the client).)" †

† It should be noted that both Appellant and the State have filed petitions for discretionary review in *Loredo. See Loredo v. State,* 157 S.W.3d 26 (Tex.App.-Waco 2004, pets. filed). T.G.