Affirmed and Memorandum Opinion filed July 12, 2007








Affirmed and Memorandum Opinion filed July 12, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00551-CR

____________

 

SLOBODAN PETKOVIC, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 1047038

 



 

M E M O R A N D U M    O P I N I O N

Appellant, Slobodan Petkovic, was convicted by a jury of
the felony offense of tampering with a government record.  The conviction was
enhanced with two prior felony convictions.  The trial court assessed
punishment of 25 years= confinement in the Texas Department of
Criminal Justice, Institutional Division.  In two points of error, appellant
contends: 1) he was denied effective assistance of counsel; and 2) the evidence
was factually insufficient to support the jury=s verdict.  We
affirm.








While providing security at a local department store,
Harris County Deputy Constable Shellene Keuling and Texas Department of Public
Safety Trooper Janet Hernandez noticed appellant because of his clothes and
suspicious behavior.  They approached appellant and asked him for
identification.  Appellant became anxious, resisted questions and detainment,
but finally produced identification[1]. 
When appellant continued to resist the detainment, the officers handcuffed
him.  Keuling searched appellant and recovered from his wallet multiple driver=s licenses and
credit cards with different names and birth dates.[2] 
Keuling then read appellant his Miranda warnings, and placed him in her patrol
car.  Keuling stayed with appellant and they talked for approximately three
hours while other officers ran a check on the various names appellant provided.

In his first point of error, appellant contends he was
denied effective assistance of counsel.  To prove ineffective assistance of
counsel, appellant must show that 1) trial counsel=s representation
fell below an objective standard of reasonableness, based on prevailing
professional norms, and 2) there is a reasonable probability that the result of
the proceeding would have been different but for trial counsel=s deficient
performance.  Strickland v. Washington, 466 U.S. 668, 688‑92
(1984).  Moreover, appellant bears the burden of proving his claims by a
preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954, 956 (Tex.
Crim. App. 1998).








If appellant proves his counsel=s representation
fell below an objective standard of reasonableness, he must still affirmatively
prove prejudice as a result of those acts or omissions.  Strickland, 466
U.S. at 693.  Counsel=s errors, even if professionally
unreasonable, do not warrant setting the conviction aside if the errors had no
effect on the judgment.  Id. at 691.  Appellant must prove that counsel=s errors, judged
by the totality of the representation, not by isolated instances of error or by
only a portion of trial, denied him a fair trial.  McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996), overruled on other grounds by
Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998).  If appellant
fails to make the required showing of either deficient performance or
prejudice, his claim fails.  See id.  Appellant contends his trial
counsel=s failure to file
a Rule 404(b) motion for notice of extraneous offenses caused damaging
extraneous acts to be entered into evidence.  Tex.
R. Evid. 404(b).  Specifically, appellant objects to Keuling=s testimony as to
his statements made to her concerning his legal status, why he had various
names, and his future actions.

Trial counsel=s failure to file
a request for notice of the State=s intent to offer
extraneous offenses and bad acts is not per se ineffective assistance of
counsel.  Rodriguez v. State, 981 S.W.2d 357, 359 (Tex. App.CSan Antonio 1998,
no pet.); see also Autry v. State, 27 S.W.3d 177, 182 (Tex. App.CSan Antonio 2000,
pet. ref=d) (explaining
that trial counsel=s failure to file pretrial motions
generally does not result in ineffective assistance of counsel); Wills v.
State, 867 S.W.2d 852, 856 (Tex. App.CHouston [14th
Dist.] 1993, pet. ref=d) (same).  We need not determine whether
counsel=s performance was
deficient before examining the prejudice suffered by the defendant as a result
of the alleged deficiencies.  Strickland, 466 U.S. at 697; Hinson v
State, 166 S.W.3d 331, 332 (Tex. App.CWaco 2005, pet.
ref=d).  Turning to
the second prong of the Strickland test, we find appellant fails to
demonstrate prejudice.  








Keuling testified appellant told her he possessed
identification cards with various names on them because he had been deported in
2004, and he wanted to avoid detection in the United States.[3] 
Keuling also testified appellant told her that, if deported, he intended to
come back into the United States the same way he had this time, by hiring a
coyote in Mexico to transport him.   Appellant points to this isolated portion
of testimony as proof of his trial counsel=s ineffectiveness
and argues, Asurely this prejudiced the jury against the appellant.@  During trial,
counsel objected to the testimony, and took Keuling on voir dire twice.  The
trial court determined that while the testimony revealed extraneous offense
matters, the testimony was relevant to the element of intent to defraud or
harm.  Appellant does not argue that the extraneous offenses and bad acts were inadmissible, just that trial
counsel failed to request notice.  Moreover, appellant has not explained what
he or his trial counsel would have done with such notice, or how the result
would have been different.  Thus, appellant fails the second prong of the Strickland
test, and his first point of error is overruled.

In his second point of error, appellant claims the evidence
is factually insufficient to support the jury=s verdict.[4] 
In conducting a factual sufficiency review, we view the evidence in a neutral
light and will set aside the verdict only if the verdict is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  Cain
v. State, 958 S.W.2d 404, 407B08 (Tex. Crim.
App. 1997).  A clearly wrong and unjust verdict occurs when the finding is Amanifestly unjust,@ Ashocks the
conscience,@ or Aclearly demonstrates bias.@  Prible v.
State, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005).  We must employ
appropriate deference so that we do not substitute our judgment for that of the
fact finder.  Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App.
1996).  We do not engage in a second evaluation of the weight and credibility
of the evidence, but only ensure that the trier of fact reached a rational
decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). 








There are two ways in which the evidence may be
insufficient.  Harris v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).  First, when considered by itself,
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt.  Id.  Second, there may be evidence both
supporting, and contrary to, the verdict.  Id.  Weighing all the
evidence under this balancing scale, the contrary evidence may be strong enough
that the beyond‑a‑reasonable‑doubt standard could not have
been met and the guilty verdict should not stand.  Id.  If there is
evidence that establishes guilt beyond a reasonable doubt which the trier of
fact believes, the judgment cannot be reversed on sufficiency of the evidence
grounds.  Wicker v. State, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). 
Our analysis must consider the evidence appellant claims is most important in
allegedly undermining the verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003). 

Hernandez testified that supplying false information in a
driver=s license
application would cause a license to be invalid.  Hernandez further explained a
person could obtain a new identity by altering just one letter in his name.[5] 
Hernandez and Keuling testified appellant presented an International Driver=s License (AIDL@) as valid
identification.  The IDL listed appellant=s name as Antho A.
Petovic Sr., his birth date as March 7, 1963, and his place of birth as Italy.[6] 
Keuling=s testimony
concerning appellant=s desire to avoid detection, his illegal
status, and his intent to return to the U.S. is evidence of an intent to defraud. 
Keuling also stated she and appellant talked for approximately three hours, and
appellant supplied her with several different names he used, including Slobodan
Petkovic.  








Appellant, on the other hand, testified Keuling Awasn=t speaking the
truth@ when she
testified he told her he used the various licenses to avoid detection. 
Appellant explained he changed his name legally in Croatia and was now AAntony Petkoli.@  However, no
evidence was introduced to prove this assertion.  Appellant also claimed he
never gave the IDL to the officers because it was a novelty card meant as a
joke, and it did not contain correct information.[7] 
Instead, appellant insisted he gave the officers his Washington driver=s license, and the
officers were Anot telling the truth@ when both
officers testified appellant offered the IDL as identification.  Appellant
argued the Washington license was valid, although he admitted he never resided
at the address listed.  Appellant testified his name on the Washington license
was spelled correctly.  However, when the State pointed out his name on the
license was spelled differently than he had previously testified was the
correct spelling, appellant changed his mind and stated it was not spelled
correctly.  Appellant also admitted he lived in Texas, not Washington, at the
time of his arrest, and the Texas driver=s license he had
in his possession was invalid because it had been cancelled by the Department
of Public Safety.  Appellant confirmed he had never resided at the address
printed on his Texas license.

Appellant also admitted he had previously been convicted of
two counts of theft, two counts of forgery, and bail jumping.  Although he was
convicted of at least one of these offenses under a different name, appellant
argued he never used any other name.  The State=s evidence showed
appellant had been convicted of forgery as Phillip Steven Kanner.  Appellant
insisted he never used that name, but that the police chose the name and Aslapped it on me,@ simply because he
possessed credit cards with that name on them.  Appellant also insisted the
different spellings of his name on the licenses and credit cards recovered by
Keuling were mistakes made by the people who had created them.








It is within the province of the trier of fact to resolve
any conflicts and inconsistencies in the evidence.  Heiselbetz v. State,
906 S.W.2d 500, 504 (Tex. Crim. App. 1995).  When faced with conflicting
evidence, we presume the trier of fact resolved conflicts in favor of the
prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App.
1993).  The trier of fact is the sole judge of the credibility of the witnesses
and is free to believe or disbelieve all, part, or none of any witness= testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  A decision is not
manifestly unjust merely because the trier of fact resolved conflicting views
of the evidence in favor of the State.  Cain, 958 S.W.2d at 410.  

A person commits the offense of tampering with a governmental
record if the person possesses the governmental record with the intent to use
it unlawfully.  Tex. Penal Code Ann.
' 37.10(a)(4)
(Vernon Supp. 2006).  Appellant and the State presented competing versions of
the incident.  Where conflicts in the testimonies exist, we presume the jury
believed the State=s witnesses and did not believe
appellant.  Sufficient evidence exists to permit a rational jury to find beyond
a reasonable doubt that appellant tampered with a government record and
intended to use it unlawfully, and the verdict is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong or unjust.  Thus,
appellant=s second point of error is overruled.

Having overruled appellant=s two points of
error, we affirm the judgment of the trial court.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 12, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The trial court did not permit Trooper Hernandez to
testify about the basis for her reasonable suspicion or probable cause that led
to appellant=s detention and arrest.  However, appellant does not
challenge the propriety of his detention and arrest.





[2]  The various driver=s licenses, names and birth dates, included the following: Florida,
Anthony A. Petolli, 03-07-64; Washington, Anthony Petkoli, 02-28-52;
International, Antho A. Petovic, Sr., 03-07-63; and Texas, Antony Petkoli,
02-28-52.  The credit/debit cards with various names included the following: 
Washington Mutual, Anthony S. Petkovich; MasterCard (GM), Antho A. Petovic;
American Express (MBNA), Anthony Petolli; VISA (Capital One), Anthony
Petkovich; and MasterCard (Citi), Antho A. Petovic, Sr.





[3]  The trial court determined these statements to be
res gestae.





[4]  Appellant=s
second point of error challenges, and the standard of review addresses, the
factual insufficiency of the evidence.  However, appellant makes a multifarious
argument that the indictment was too vague and did not provide sufficient
evidence concerning which government document was in issue and, thus, the
evidence did not prove intent to defraud.  An indictment is not evidence. 
Nevertheless, we construe the brief liberally and address appellant=s factual insufficiency claim.  Tex. R. App. P. 38.9.





[5]  When conducting a search by computer, a one letter
differentiation in a name would return a >no
record found,= indicating the person did not presently possess a
driver=s license.





[6]  Appellant testified he was born Slobodan Petkovich,
on February 28, 1952, in Croatia.





[7]  Appellant admitted the name, birth date, and place
of birth on the IDL were incorrect.  However, appellant testified he sometimes
added ASr.@ to his name,
after the birth of son in 1980.