# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH
## NO. 02-10-00019-CR


MATTHEW DUANE GARMAN                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In two issues, Matthew Duane Garman challenges the effectiveness of his trial counsel and the trial court's ruling limiting his cross-examination of a witness. We affirm.

## Background

Appellant entered an open plea of guilty to aggravated assault with a deadly weapon arising from his pointing a gun at Jennie Estep-Ford outside of a

---

[1]*See* Tex. R. App. P. 47.4.

party at her house. The trial court deferred punishment for the preparation of a presentence investigation report (PSI). At the subsequent hearing for sentencing purposes, the State presented evidence that a person in appellant's truck[2] shot at Deborah Estep's[3] house right after the occurrence of the charged offense; Estep was in the house at the time with her fourteen-year-old son and two-year-old granddaughter. Information about this extraneous offense was included in the PSI. Appellant's trial counsel did not object to admission of the PSI, nor had he requested that the State give notice of its intent to introduce extraneous offenses relevant to punishment. The trial court assessed appellant's punishment at ten years' confinement and sentenced him accordingly.

## Trial Counsel Was Not Ineffective

In his first issue, appellant claims that his counsel was ineffective for failing to request that the State give notice of its intent to introduce extraneous offenses, failing to object to the admission of the PSI or the part of the PSI discussing the drive-by shooting, and failing to object to testimony about the drive-by shooting at the hearing.

---

[2]A witness outside of Estep's house saw the truck during the drive-by; he described what it looked like and stated that he knew it was appellant's truck. Estep-Ford was not at her mother's house during the drive-by, but her description of appellant's truck matched the witness's.

[3]Deborah Estep is Ford-Estep's mother.

**Standard of Review**

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions."

3

*Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

**Analysis**

Appellant did not file a motion for new trial, so there is no record of trial counsel's motives at trial. Although the court of criminal appeals "has been hesitant to 'designate any error as per se ineffective assistance of counsel as a matter of law,' it is possible that a single egregious error of omission or commission by . . . counsel constitutes ineffective assistance." *Thompson*, 9

4

S.W.3d at 813 (quoting *Jackson v. State*, 766 S.W.2d 504, 508 (Tex. Crim. App. 1985), *vacated and remanded on other grounds*, 475 U.S. 1114 (1986)); *see Ex parte Harrington*, 310 S.W.3d 452, 459 & n.28 (Tex. Crim. App. 2010). Here, however, counsel's failure to request notice could have occurred for a myriad of reasons; counsel may have already received notice, oral or otherwise. *See Hinson v. State*, 166 S.W.3d 331, 332 (Tex. App.—Waco 2005, pet. ref'd); *Autry v. State*, 27 S.W.3d 177, 182 (Tex. App.—San Antonio 2000, pet. ref'd). Appellant acknowledges that counsel had notice of the uncharged extraneous offense in the PSI. Because of the undeveloped state of the record, we cannot say that counsel's failure to request such notice was ineffective per se. *See Autry*, 27 S.W.3d at 182; *Rodriguez v. State*, 981 S.W.2d 357, 359 (Tex. App.—San Antonio 1998, no pet.).

Appellant contends that this is one of the rare cases that reveals no trial strategy for counsel's failure to object to the uncharged extraneous offense evidence; he contends that counsel appeared unaware of his right to object. According to appellant, he can find "no coherent trial strategy in allowing the State to introduce an extraneous offense involving gunfire and 3 innocent potential victims, including two children."

To show ineffective assistance for the failure to object, an appellant must show that the trial judge would have committed error by overruling the objection. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004); *Alexander v. State*, 282 S.W.3d 701, 705 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Here,

5

appellant never argues what the effect of an objection to the evidence would have been, much less whether such an objection would have been successful. The court of criminal appeals has held that "Article 37.07 does not prohibit a trial court, as a sentencing entity, from considering extraneous misconduct evidence in assessing punishment just because the extraneous misconduct has not been shown to have been committed by the defendant beyond a reasonable doubt, if that extraneous misconduct is contained in a PSI." *Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007). Thus, the trial court would not have erred by overruling an objection to the PSI because of inclusion of information about the extraneous offense, regardless of the quantum of evidence presented about the extraneous drive-by. *See id.*; *see also Stringer v. State*, 309 S.W.3d 42, 47–48 (Tex. Crim. App. 2010) (holding that *Crawford* does not apply to PSI in noncapital case).

Moreover, after reviewing the testimony about the extraneous drive-by, we conclude that it was also admissible during the hearing on sentencing because the evidence was sufficient to prove appellant's involvement in the drive-by beyond a reasonable doubt. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2010). The trial judge was not required to believe testimony from appellant and his father that appellant was not involved in the shooting. Thus, the trial judge would not have erred by overruling any objection to that evidence either. We conclude and hold that appellant has not shown that

6

his trial counsel was ineffective for failing to object to the PSI or to evidence about the extraneous drive-by included in the PSI or presented at trial.

We overrule appellant's first issue.

## Failure to Preserve Confrontation Clause Complaint

In his second issue, appellant contends that the trial court committed constitutional error by denying him the right to cross-examine Estep-Ford about whether her boyfriend, who was at the party the night of both offenses, had ever shot someone. Appellant contends that the trial court's ruling violated his right under the Confrontation Clause. *See* U.S. Const. amend. VI. However, appellant failed to raise a Confrontation Clause challenge in the trial court. Thus, he failed to preserve this complaint for our review. *Reyna v. State*, 168 S.W.3d 173, 179–80 (Tex. Crim. App. 2005); *Fox v. State*, 175 S.W.3d 475, 483–84 (Tex. App.—Texarkana 2005, pet. ref'd). We overrule appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 28, 2010

7