COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00019-CR

 

 


 
 
 MATTHEW DUANE GARMAN
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 396TH
 DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          In two issues, Matthew Duane Garman
challenges the effectiveness of his trial counsel and the trial court’s ruling
limiting his cross-examination of a witness. 
We affirm.

Background

          Appellant entered an open plea of
guilty to aggravated assault with a deadly weapon arising from his pointing a
gun at Jennie Estep-Ford outside of a party at her house.  The trial court deferred punishment for the
preparation of a presentence investigation report (PSI).  At the subsequent hearing for sentencing
purposes, the State presented evidence that a person in appellant’s truck[2]
shot at Deborah Estep’s[3]
house right after the occurrence of the charged offense; Estep was in the house
at the time with her fourteen-year-old son and two-year-old granddaughter.  Information about this extraneous offense was
included in the PSI.  Appellant’s trial
counsel did not object to admission of the PSI, nor had he requested that the
State give notice of its intent to introduce extraneous offenses relevant to
punishment.  The trial court assessed
appellant’s punishment at ten years’ confinement and sentenced him accordingly.

Trial Counsel Was Not Ineffective

          In his first issue, appellant claims
that his counsel was ineffective for failing to request that the State give
notice of its intent to introduce extraneous offenses, failing to object to the
admission of the PSI or the part of the PSI discussing the drive-by shooting,
and failing to object to testimony about the drive-by shooting at the hearing.

Standard of Review

To establish ineffective assistance of counsel,
appellant must show by a preponderance of the evidence that his counsel’s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel’s deficiency, the
result of the trial would have been different. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App.
2005); Mallett v. State, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v.
State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

          In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each
case.  Thompson, 9 S.W.3d at
813.  The issue is whether counsel’s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688–89,
104 S. Ct. at 2065.  Review of counsel’s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel’s conduct fell within a wide range of reasonable
representation.  Salinas, 163
S.W.3d at 740; Mallett, 65 S.W.3d at 63. 
A reviewing court will rarely be in a position on direct appeal to
fairly evaluate the merits of an ineffective assistance claim.  Thompson, 9 S.W.3d at 813–14.  “In the majority of cases, the record on
direct appeal is undeveloped and cannot adequately reflect the motives behind
trial counsel’s actions.”  Salinas,
163 S.W.3d at 740 (quoting Mallett, 65 S.W.3d at 63).  To overcome the presumption of reasonable
professional assistance, “any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.”  Id.
(quoting Thompson, 9 S.W.3d at 813). 
It is not appropriate for an appellate court to simply infer ineffective
assistance based upon unclear portions of the record.  Mata v. State, 226 S.W.3d 425, 432
(Tex. Crim. App. 2007).

          The
second prong of Strickland requires a showing that counsel’s errors were
so serious that they deprived the defendant of a fair trial, i.e., a trial with
a reliable result.  Strickland, 466
U.S. at 687, 104 S. Ct. at 2064.  In
other words, appellant must show there is a reasonable probability that, but
for counsel’s unprofessional errors, the result of the proceeding would have
been different.  Id. at 694, 104
S. Ct. at 2068.  A reasonable probability
is a probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding in which the result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

Analysis

          Appellant
did not file a motion for new trial, so there is no record of trial counsel’s
motives at trial.  Although
the court of criminal appeals “has been hesitant to ‘designate any error as per
se ineffective assistance of counsel as a matter of law,’ it is possible that a
single egregious error of omission or commission by . . . counsel constitutes
ineffective assistance.”  Thompson, 9 S.W.3d at 813 (quoting Jackson v. State, 766 S.W.2d 504, 508
(Tex. Crim. App. 1985), vacated and
remanded on other grounds, 475 U.S. 1114 (1986)); see Ex parte Harrington, 310 S.W.3d 452, 459 & n.28 (Tex. Crim.
App. 2010).  Here, however, counsel’s
failure to request notice could have occurred for a myriad of reasons; counsel
may have already received notice, oral or otherwise.  See
Hinson v. State, 166 S.W.3d 331, 332 (Tex. App.––Waco 2005, pet. ref’d); Autry v. State, 27 S.W.3d 177, 182
(Tex. App.––San Antonio 2000, pet. ref’d). 
Appellant acknowledges that counsel had notice of the uncharged
extraneous offense in the PSI.  Because
of the undeveloped state of the record, we cannot say that counsel’s failure to
request such notice was ineffective per se. 
See Autry, 27 S.W.3d at 182; Rodriguez v. State, 981 S.W.2d 357, 359
(Tex. App.––San Antonio 1998, no pet.).

          Appellant contends that this is one of
the rare cases that reveals no trial strategy for counsel’s failure to object
to the uncharged extraneous offense evidence; he contends that counsel appeared
unaware of his right to object. According to appellant, he can find “no
coherent trial strategy in allowing the State to introduce an extraneous
offense involving gunfire and 3 innocent potential victims, including two
children.”

To show
ineffective assistance for the failure to object, an appellant must show that
the trial judge would have committed error by overruling the objection.  Ex
parte White, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004); Alexander v. State, 282 S.W.3d 701, 705 (Tex. App.––Houston [14th
Dist.] 2009, pet. ref’d).  Here, appellant
never argues what the effect of an objection to the evidence would have been,
much less whether such an objection would have been successful.  The court of criminal appeals has held that “Article
37.07 does not prohibit a trial court, as a sentencing entity, from considering
extraneous misconduct evidence in assessing punishment just because the
extraneous misconduct has not been shown to have been committed by the
defendant beyond a reasonable doubt, if that extraneous misconduct is contained
in a PSI.”  Smith v. State, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007).  Thus, the trial court would not have erred by
overruling an objection to the PSI because of inclusion of information about
the extraneous offense, regardless of the quantum of evidence presented about
the extraneous drive-by.  See id.; see also Stringer v. State, 309 S.W.3d 42, 47–48 (Tex. Crim. App.
2010) (holding that Crawford does not
apply to PSI in noncapital case).

Moreover,
after reviewing the testimony about the extraneous drive-by, we conclude that
it was also admissible during the hearing on sentencing because the evidence
was sufficient to prove appellant’s involvement in the drive-by beyond a
reasonable doubt.  See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp.
2010).  The trial judge was not required
to believe testimony from appellant and his father that appellant was not
involved in the shooting.  Thus, the
trial judge would not have erred by overruling any objection to that evidence
either.  We conclude and hold that
appellant has not shown that his trial counsel was ineffective for failing to object
to the PSI or to evidence about the extraneous drive-by included in the PSI or
presented at trial.

We
overrule appellant’s first issue.

Failure to Preserve Confrontation Clause
Complaint

          In his second issue, appellant
contends that the trial court committed constitutional error by denying him the
right to cross-examine Estep-Ford about whether her boyfriend, who was at the
party the night of both offenses, had ever shot someone.  Appellant contends that the trial court’s
ruling violated his right under the Confrontation Clause.  See U.S.
Const. amend. VI.  However, appellant
failed to raise a Confrontation Clause challenge in the trial court.  Thus, he failed to preserve this complaint
for our review.  Reyna v. State, 168 S.W.3d 173, 179–80 (Tex. Crim. App. 2005); Fox v. State, 175 S.W.3d 475, 483–84
(Tex. App.––Texarkana 2005, pet. ref’d). 
We overrule appellant’s second issue.

Conclusion

          Having overruled both of appellant’s
issues, we affirm the trial court’s judgment.

 

                                                                             
 
 
 
 
 
 
 
 TERRIE LIVINGSTON

                                                                             
 
 
 CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; 
 
 
 
 
 
 WALKER and 
 
 
 
 
 
 MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 28, 2010











[1]See Tex. R. App. P. 47.4.





[2]A
witness outside of Estep’s house saw the truck during the drive-by; he
described what it looked like and stated that he knew it was appellant’s
truck.  Estep-Ford was not at her
mother’s house during the drive-by, but her description of appellant’s truck
matched the witness’s.





[3]Deborah
Estep is Ford-Estep’s mother.